| Colonial Finance Corporation vs. Schacht Motor Truck Company of N. E., Inc. | Law No. 79231. |

February 25, 1930.

WALSH, J. This case is heard upon plaintiff's demurrer to defendant's four "additional pleas" to each of twelve counts of plaintiff's declaration. Each of these counts sets forth a separate promissory note payable to plaintiff and endorsed by defendant with waiver of demand, notice and protest.

As to the first and second "additional pleas" to each of the first twelve counts of the plaintiff's declaration, it is well settled that the facts therein set forth, if established, do not constitute a valid defence to said counts. An action on a promissory note may be maintained by the owner's consent in the name of the nominal holder.

Possession by such holder is prima facie sufficient evidence of his right to sue and can not be rebutted by proof that he has no beneficial interest or by anything else but proof of mala fides.

> *Hutchings* vs. *Reinhalter*, 23 R. I. 518;
>
> *Mumford* vs. *Weaver*, 18 R. I. 801;
>
> *Third Nat'l Bank* vs. *Angell*, 18 R. I. 1;
>
> *Simonian* vs. *Kazanjian*, 143 Atl. Rep. 611 (R. I.).

The same principle applies whenever the nominal holder has sold, assigned and transferred all claims and demands in connection with the notes to a third party, if the third party consents to suit being brought in the name of the nominal holder. We think that if an assignment of the claim is made by plaintiff while suit is pending, there is no different application of the principle. It is well settled that an assignee of a chose in action may sue in the name of his assignor.

> *Goodman* vs. *Zitserman*, 47 R. I. 466, and cases therein cited. See also *Ferraiole* vs. *Lamson Oil Co.*, 49 R. I. 426.

The plaintiff's demurrers to the first and second "additional pleas" to each of the first twelve counts of the plaintiff's declaration are sustained.

The third "additional plea" of defendant to counts one to twelve, inclusive, of plaintiff's declaration sets forth in substance that one Richards was the maker of the promissory note; that said note was given, together with a conditional sale contract for a truck, by Richards to Schacht; that said sale contract included a provision that said truck should be insured against fire at cost of Richards and in the name of Schacht in an amount not less than total due on the note; that the cost of such insurance was included in the amount payable by the terms of said note; that said sale contract provided that the proceeds of said insurance policy, in case of loss, were to be applied to the replacement of the truck or to the payment of any obligation under the sale contract and note at the option of Schacht; that Schacht assigned this sale contract to plaintiff; that plaintiff afterwards insured said truck in the sum of $3,840. naming Richards and plaintiff as payees in event of loss; that thereafter said truck was damaged by fire in an amount greater than sum due on the note; that later the insurance company paid plaintiff an amount practically equal to the amount due on the note and that the note, therefore, is paid.

The plaintiff demurs to this plan on the grounds: (1) that it does not appear that defendant was entitled to any benefit from this money: (2) that the details of the transfer and the agreements under which the money was transferred are not alleged with sufficient definiteness; (3) that the allegation that the note was "therefor paid" by this transfer of money is a conclusion of law.

Taking up the first ground of demurrer: It is true that defendant is not named as beneficiary in the policy of insurance upon which the alleged "loss" was paid to plaintiff. Schacht was the original mortgagee and assigned the note and sale agreement to plaintiff; Schacht's name appears on the note, whether as endorser or co-maker is immaterial on this question. If Richards, the mortgagor, through some default on his part, rendered the provisions of the fire policy inoperative as far as he was concerned, it is clear that the mortgagee might still retain his rights in the policy and collect his loss in event of damage to or loss of the truck due to fire. If the mortgagee has been paid "an amount of money practically equal to the amount remaining unpaid on said promissory note" by the insurance company, it would be manifestly unfair to hold the defendant for the full

amount of the note. Whether this payment, so alleged, was "a payment of the loss" or a "loan" can be raised by an appropriate traverse.

Upon the second ground of demurrer, we feel that the allegations are set forth with sufficient certainty.

Upon the third ground of demurrer, we feel that the conclusion is not one of law but of fact, a natural statement in view of the circumstances recited in the plea.

The demurrers to the third "additional plea" to counts one to twelve, inclusive, of plaintiff's declaration are overruled.

The fourth plea does not set forth any consideration for the alleged promise of plaintiff to insure the truck in the names of plaintiff, Richards and Schacht, nor for plaintiff's alleged later promise to prosecute its claim against the insurance company for the benefit of itself and Schacht. It strikes us that that where a plea of equitable estoppel is interposed, the facts upon which such estoppel is based should be clearly set forth. The important element of consideration for the promises, upon which the estoppel is grounded, should be incorporated in the plea.

Demurrer to the fourth "additional plea" to counts one to twelve, inclusive, of plaintiff's declaration is sustained.

For plaintiff: Edwards & Angell, Wm. H. Edwards.

For defendant: Hogan & Hogan, Lawrence A. Hogan.